UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LAW OFFICES OF JAMES R. RADMORE, P.C.
BY: JAMES R. RADMORE, ESQUIRE
1913 Greentree Road           ATTORNEY FOR PLAINTIFF
Cherry Hill, NJ 08003
856-424-4434
_____

| | |
|---|---|
| **ANTHONY FOX**<br>4295 Route 47<br>Delmont, NJ 08314<br>        Plaintiff<br><br>   v.<br><br>**BAYSIDE STATE PRISON**<br>4293 Route 47<br>Leesburg, NJ 08327<br><br>and<br><br>**NEW JERSEY DEPARTMENT OF CORRECTIONS**<br>Whittlesey Road<br>Trenton, NJ 08625<br><br>and<br><br>**RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY**<br>57 US Highway 1<br>New Brunswick, NJ 08901<br><br>and<br><br>**THE UNIVERSITY OF MEDICINE AND DENTISTRY OF NEW JERSEY**<br>150 Bergen St<br>Newark, NJ 07103<br><br>and | : CIVIL ACTION NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: **COMPLAINT**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

| | |
|---|---|
| **JOHN POWELL, individually as Administrator of** | : |
| **Bayside State Prison** | : |
| **4293 Route 47** | : |
| **Leesburg, NJ 08327** | : |
| | : |
| **and** | : |
| | : |
| **GARY M. LANIGAN, individually and as** | : |
| **Commissioner of the New Jersey Department of** | : |
| **Corrections** | : |
| **Whittlesey Road** | : |
| **Trenton, NJ 08625** | : |
| | : |
| **JOHN DOES NOS. 1-25 OF** | : |
| **BAYSIDE STATE PRISON** | : |
|             **Defendants** | : |

___

NOW COMES, plaintiff, **Anthony Fox,** and complaining against defendants above named, states as follows:

## INTRODUCTION

1. This is an action for damages against defendants as a result of an improper and negligent delivery of medical services and improper denial of freedoms causing personal injury to plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3). Pursuant to 28 U.S.C. Sections 2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief found necessary and proper.

2

## PARTIES

3. Plaintiff, **Anthony Fox**, is an individual with a current address of 168 Frontage Road, Newark, NJ 07114.

4. Defendant, **Bayside State Prison,** is a governmental entity with an address of 4293 Route 47, Leesburg, NJ 08327.

5. Defendant**, New Jersey Department of Corrections**, is a governmental entity with an address of Whittlesley Road, Trenton, NJ 08625.

6. Defendant, **Rutgers, the State University of New Jersey** is currently responsible for providing medical services at Bayside State Prison with an address of 57 US Highway 1, New Brunswick, NJ 08901                                           :

**7.** Defendant, **The University of Medicine and Dentistry of New Jersey**, was responsible for the delivery of medical services on August 27, 2012 with an address of 150 Bergen St., Newark, NJ 07103. As a result of the New Jersey Medical and Health Sciences Education Restructuring Act, NJSA 18A:64M-1 et seq., on July 1, 2013, the responsibility of The University of Medicine and Dentistry of New Jersey transferred to Rutgers, The State University of New Jersey.

8. Defendant, **John Powell individually as Administrator of Bayside State Prison,** is an adult individual with a business address of 4293 Route 47, Leesburg, NJ 08327.

9. Defendant, **Gary M. Lanigan**. **individually and as Commissioner of the New Jersey Department of Corrections**, is an adult individual with a business address of Whittlesley Road, Trenton, NJ 08625.

10. Defendants, **John Does Nos. 1-25**, were at all times mentioned agents, servants and/or employees of Bayside State Prison, New Jersey Department of Corrections, Rutgers, The State University

3

of New Jersey or The University of Medicine and Dentistry of New Jersey and at all times herein were acting in such individual and/or official capacities and in said capacity delivered medical and nursing services to plaintiff..

## FACTUAL ALLEGATIONS

11. At all relevant times, plaintiff was an inmate confined at Bayside State Prison.

12. On August 27, 2012, plaintiff sought treatment at the prison infirmary to have his blood pressure taken as a result of feeling dizzy.

13. Upon arrival, plaintiff was seen by a nurse at the infirmary.

14. Upon taking plaintiff's blood pressure and finding it high, said nurse, without permission or explanation, insisted on giving an injection to plaintiff.

15. Upon receiving said injection, plaintiff lost consciousness and fell to the floor landing on his face.

16. Plaintiff was taken to Atlantic City Hospital where he was treated for injuries to his face including a broken nose.

17. Upon return to Bayside, it was alleged plaintiff had overdosed with self inflicted drugs and he was placed in lock-up.

18. Plaintiff remained in lock-up for approximately three weeks at which time, the toxicology report came back negative.

19. Plaintiff did not receive proper treatment during this time and was not sent for treatment on his broken nose for several months after the injury.

20. Plaintiff received surgery to his nose but was informed additional surgery would be necessary.

21. Defendants have refused to permit the additional surgery and have failed to treat plaintiff properly for the injuries suffered.

22. As a result of the failure to properly treat his injuries, plaintiff suffers from significant breathing issues and his nose is deformed.

23. Plaintiff was also deprived of his rights when placed in lock-up on suspicion of overdosing when, in fact, his injuries were caused by the treatment at the infirmary.

24. The deliberately indifferent, shocking, intentional, reckless, careless, negligent, willful and outrageous conduct of all defendants, acting under color of state law, included:

    a)    failing to provide for plaintiff's basic needs including the safety of his person;

    b)    failing to provide immediate, necessary and appropriate medical treatment;

    c)    failing to order and/or perform tests and/or examinations which would have permitted proper treatment of plaintiff's condition;

    d)    improper monitoring and supervision of plaintiff's care;

    e)    failing to implement policies to prevent the administration of medical services without the consent of an inmate;

    f)    failing to develop policies regarding rendering proper medical care and/or treatment to inmates;

    g)    failing to implement policies regarding rendering proper medical care and/or treatment to inmates;

    h)    failing to enforce policies regarding rendering proper medical care and/or treatment to inmates;

    I)    developing unreasonable and inadequate policies regarding the investigation of inmate complaints;

    j)    implementing unreasonable and inadequate policies regarding the investigation of inmate complaints;

    k)    enforcing unreasonable and inadequate policies regarding the investigation of

     inmate complaints;

 l) developing unreasonable and inadequate policies regarding rendering proper medical care and/or treatment to inmates;

 m) implementing unreasonable and inadequate policies regarding rendering proper medical care and/or treatment to inmates;

 n) enforcing unreasonable and inadequate policies regarding rendering proper medical care and/or treatment to inmates;

 o) conducting unreasonable and inadequate investigations of plaintiff's complaints;

 p) failing to respond promptly to plaintiff's complaints that he had not taken drugs or overdosed;

 q) depriving plaintiff of necessary and adequate medical treatment;

 r) failing to remedy the complaints of plaintiff;

 s) deliberately, intentionally and callously depriving and disregarding plaintiff's medical needs;

 t) failing to supervise their agents, employees and/or representatives including medical staff, correctional officers and all others involved with plaintiff;

 u) increasing plaintiff's risk of harm by failing to render prompt, appropriate and necessary medical treatment;

 v) failing to properly treat plaintiff's medical condition;

 w) failing to use and consult competent and experienced physicians and medical staff;

 x) unreasonably placing plaintiff in lock-up on suspicion of overdosing when his loss of consciousness was caused by the administration of an improper injection by defendants.

25. As a result of the actions of defendants, plaintiff suffered injuries including, but not limited to, injuries to his head, face, a broken nose and serious and permanent breathing problems

26. All of the foregoing injuries have rendered plaintiff sick, sore, lame, prostrate, disabled and disordered and have made him undergo great mental anguish and physical pain as a result of which has suffered, yet suffers, and will continue to suffer for an indefinite time in the future.

27. By reason of the injuries sustained, plaintiff has been and may in the future continue to be required to expend various sums of money for medicine and medical treatment in and about endeavoring to treat and cure himself of these injuries.

28. By reason of the injuries sustained, plaintiff has and may continue to suffer great pain and agony, mental anguish and humiliation and has been and may in the future be hindered from attending to his daily duties, functions and occupations, all to his great damage and loss.

29. By reason of the actions of defendant acting as aforesaid, plaintiff has or may incur other financial expenses or losses which do or may exceed amounts plaintiff may otherwise be entitled to recover.

**COUNT ONE**
**PLAINTIFF VS. DEFENDANTS**
**CIVIL RIGHTS VIOLATION, 42 U.S.C.A. § 1983**

30. Plaintiff incorporates by reference paragraphs 1 through 29 as fully as though same were herein set forth at length.

31. At all relevant times, defendant had a duty to take reasonable measures to guarantee propr treatment to plaintiff with his consent.

32. At all relevant times, defendant had a duty to take steps to assure the rights of plaintiff were protected.

33. At all relevant times, defendants were aware, or should have been aware, that a substantial risk of harm to plaintiff existed.

34. The aforementioned conduct of defendants, acting under color of state law, was reckless and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of plaintiff and was committed in conscious and willful disregard of the substantial and/or unjustifiable risk of causing harm to plaintiff and was so egregious as to shock the conscience.

35. The aforesaid conduct of defendants, acting under color of state law, created a danger which resulted in the aforementioned severe physical and emotional harm.

36. At all relevant times, defendants had a policy or practice which created an unreasonable risk of harm and/or injury and were aware said unreasonable risk was created.

37. The severe physical and emotional harm caused to plaintiff was foreseeable and direct to defendants, as well as the result of defendants' aforesaid policy or practice.

38. The aforementioned conduct of defendants, acting under the color of state law, created an opportunity for danger and injury which otherwise would not have existed.

39. Defendants also placed plaintiff into lock-down without probable cause or due process.

40. The aforementioned conduct of defendants, acting under color of state law, constituted an affirmative act to restrain plaintiff's freedom and thus triggered a special relationship with plaintiff under which defendants assumed a duty to ensure his safety and well-being.

41. The aforementioned conduct of defendants, acting under color of state law, constituted a breach of defendants' duty and was in deliberate indifference to the danger and substantial risk facing plaintiff so as to shock the conscience.

42. At all times relevant hereto, defendants were aware of and were recklessly and deliberately indifferent to the need for additional rules, regulations, testing, policies, procedures and providing proper medical care to inmates and maintained a custom, policy and/or practice of failing to

discipline and encouraging the aforesaid unnecessary, irresponsible and vindictive behavior.

43. Defendants failure to train their employees, agents and representatives including, but not limited to John Powell, Gary M. Lanigan and John Does Nos 1-25 amounted to a deliberate indifference to the rights of plaintiff.

44. The aforementioned conduct of all defendants, acting under color of state law, violated plaintiff's constitutional rights to be free from unreasonable searches and seizures, right to medical care in custody, right to be free from cruel and unusual punishment, right to privacy, right to bodily integrity and right to substantive and procedural due process as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and as remedial pursuant to 42 U.S.C § 1983.

45. The conduct of all defendants as set forth above was the moving force behind the violation of and/or caused the violation of plaintiff's civil rights as set forth above.

46. As a direct and proximate result of the violations of plaintiff's civil rights, he was caused to suffer grievous physical and emotional injuries as set forth above and herein.

**WHEREFORE**, Plaintiff demands judgment against defendants on this Count, together with compensatory and punitive damages, interest and costs of suit incurred, and for any such further relief as the Court deems proper and just.

## COUNT TWO
## PENDANT STATE CLAIMS
## NEGLIGENT, RECKLESS, INTENTIONAL AND OUTRAGEOUS CONDUCT

47 Paragraphs 1 through 46 are incorporated herein by reference as though fully set forth.

48. The aforementioned conduct of defendants, both vicariously and in their own right constituted negligent, reckless, intentional and outrageous conduct.

49 As a direct and proximate result of defendants' conduct, plaintiff was caused to suffer

grievous physical and emotional injuries as set forth above and herein.

50. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

**WHEREFORE**, Plaintiff demands judgment against defendants on this Count, together with compensatory and punitive damages, interest and costs of suit incurred, and for any such further relief as the Court deems proper and just.

### COUNT THREE
### BATTERY

51. Paragraphs 1 through 50 are incorporated herein by reference as though fully set forth.

52. Defendants performed an injection to plaintiff without advising what the nature of the injection was, what risks said injection carried and without securing the consent of plaintiff before administering the injection.

53. The aforementioned conduct of defendants, both vicariously and in their own right, constitutes battery.

54 As a direct and proximate result of defendants' conduct, plaintiff was caused to suffer grievous physical and emotional injuries as set forth above and herein.

55. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

**WHEREFORE**, Plaintiff demands judgment against defendants on this Count, together with compensatory and punitive damages, interest and costs of suit incurred, and for any such further relief as the Court deems proper and just.

## COUNT FOUR
## MEDICAL MALPRACTICE

56.     Paragraphs 1 through 55 are incorporated herein by reference as though fully set forth.

57.     The aforementioned conduct of defendants, both vicariously and in their own right, constituted negligent, reckless and outrageous conduct.

58.     In addition to the conduct set forth above, the negligence, recklessness and carelessness of defendants consisted of the following:

      a)    failing to recognize the rights, safety and health of plaintiff;

      b)    failing to exercise the standard of skill and care commonly exercised by health care providers in like cases;

      c)    failing to properly identify and/or treat plaintiff's condition;

      d)    failing to appropriately screen, test and/or examine plaintiff;

      e)    failing to use and consult competent and experienced physicians and other health care providers in examining, treating and providing medical care to plaintiff;

      f)    being otherwise negligent and careless and having committed malpractice upon plaintiff; and

      g)    violating the laws, statutes and ordinances of the State of New Jersey.

59.     Defendants acts and/or omissions increased the risk of harm, injuries and losses suffered by plaintiff.

60      As a direct and proximate result of defendants' conduct, plaintiff was caused to suffer grievous physical and emotional injuries as set forth above and herein.

61.      Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

**WHEREFORE**, Plaintiff demands judgment against defendants on this Count, together with

compensatory and punitive damages, interest and costs of suit incurred, and for any such further relief as the Court deems proper and just.

## COUNT SEVEN
## AGENCY

62. Paragraphs 1 through 61are incorporated herein by reference as though fully set forth.

62. Defendants, John Powell, Gary M. Lanigan and John Does Nos. 1-25 were at all times acting in such capacities as the agents, servants, and/or employees of defendants Bayside State Prison, New Jersey Department of Corrections, Rutgers, The State University of New Jersey and The University of Medicine and Dentistry of New Jersey.

63. The actions and/or inactions of John Powell, Gary M. Lanigan and John Does Nos. 1-25 as agents, servants and/or employees of Defendants, Bayside State Prison, New Jersey Department of Corrections, Rutgers, The State University of New Jersey and The University of Medicine and Dentistry of New Jersey, were contrary to the laws of New Jersey.

61. As a result of said actions and/or inactions,, Plaintiff sustained diverse personal injuries, permanent injuries, permanent disability, medical expenses, lost income and pain and suffering and will incur same for some time to come as set forth in paragraphs 18-22 above.

62. Said negligent/intentional acts committed by Defendants were contrary to the laws of New Jersey.

63. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

64.. Defendants acts and/or omissions increased the risk of harm, injuries and losses suffered by plaintiff.

65 As a direct and proximate result of defendants' conduct, plaintiff was caused to suffer

grievous physical and emotional injuries as set forth above and herein.

      66.     Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

      **WHEREFORE**, Plaintiff demands judgment against defendants on this Count, together with compensatory and punitive damages, interest and costs of suit incurred, and for any such further relief as the Court deems proper and just.

      \s\James R. Radmore  
      JAMES R. RADMORE, ESQUIRE  
      Attorney for plaintiff