## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| ANTHONY FOX, | : |
| | : |
| Plaintiff, | :    Civ. No. 14-5344 (RBK) |
| | : |
| v. | : |
| | :    **OPINION** |
| BAYSIDE STATE PRISON, et al., | : |
| | : |
| Defendants. | : |

_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.       INTRODUCTION

In this civil rights action filed pursuant to 42 U.S.C. § 1983, the Court previously

dismissed Defendants Gary M. Lanigan and John Powell (collectively, the "Defendants").

Presently before the Court is Plaintiff's motion for reconsideration filed pursuant to Local Civil

Rule 7.1. The Court rules on this motion pursuant to Federal Rule of Civil Procedure 78; no oral

argument was held. For the following reasons, Plaintiff's motion for reconsideration will be

denied.

## II.       LEGAL STANDARD ON MOTION FOR RECONSIDERATION

Under Local Civil Rule 7.1, an aggrieved party may move for reconsideration of a prior

ruling of the Court. Such motions are typically construed as Federal Rule of Civil Procedure

59(e) motions to alter or amend a judgment. *Wiest v. Lynch*, 710 F.3d 121, 127 (3d Cir. 2013).

"[A] proper Rule 59(e) motion ... must rely on one of three grounds: (1) an intervening change in

controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law

or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N.

River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "The standard

for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10–5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)).

## III.   BACKGROUND

In his amended complaint, Plaintiff generally alleges that he suffered injuries to his nose after receiving medical treatment while incarcerated at Bayside State Prison.  He alleges that the treatment he received for his injured nose was inadequate, and that he has sustained permanent injuries.  Plaintiff named several defendants in the amended complaint, including John Powell, Administrator of Bayside State Prison, and Gary Lanigan, Commissioner of the New Jersey Department of Corrections.  He alleged that these defendants were deliberately indifferent to his medical needs, that they failed to institute policies to address the needs of inmates, and that they failed to supervise their agents and employees.  He brought Eight Amendment denial of medical care claims, pursuant to 42 U.S.C. § 1983, amongst other claims.

These defendants moved to dismiss the claims against them, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  In an opinion and order dated August 18, 2015 (hereinafter "prior ruling"), this Court granted their joint motion to dismiss.  (*See* Dkt. Nos. 31, 32.)  The official capacity claims were dismissed on sovereign immunity grounds, and the individual capacity claims were dismissed for failure to state a claim under *Ashcroft v. Iqbal*, which rejects the notion that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are entitled to a presumption of truth.  556 U.S. 662, 679 (2009).

## IV.    DISCUSSION

In his moving papers, Plaintiff argues that the Court committed an error of law and fact by failing to properly apply the Third Circuit-sanctioned, three step approach for assessing the sufficiency of complaints under *Iqbal*.[1]  (*See* Dkt. No. 34 at p. 5.).  Indeed, the Court explicitly acknowledged these steps in its prior opinion.  (*See* Dkt. No. 31, p. 2.)  A recent Third Circuit case reiterates the steps:

> First, [the court] must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159, at *4 (3d Cir. Jan. 11, 2016) (internal citations omitted).

In support of his argument, Plaintiff lists a number of allegations that he purports the Court overlooked in its analysis.  For example, Plaintiff points to the allegations that "Plaintiff received surgery to his nose but was informed additional surgery would be necessary [and] Defendants have refused to permit the additional surgery and have failed to treat plaintiff properly for the injuries suffered."  (*See* Dkt. No. 34 at p. 5 (quoting Dkt. No. 8, ¶¶ 20-21)).  Plaintiff further points to additional allegations that he suggests are "well-pleaded allegations which must be given the assumption of veracity."  (*Id.* at p. 6)  These allegations are that Defendants engaged in the following acts:

> a)   failing to provide for plaintiff's basic needs including the safety of his person;

---

[1] The Court reads Plaintiff's motion as challenging only the dismissal of the individual capacity claims.  Plaintiff's motion papers do not reference the immunity aspect of the Court's prior ruling.

> d)   improper monitoring and supervision of plaintiff's care;
>
> o)   conducting unreasonable and inadequate investigations of plaintiff's complaints;
>
> p)   failing to respond promptly to plaintiff's complaints that he had not taken drugs or overdosed;
>
> t)   failing to supervise their agents, employees and/or representatives including medical staff, correctional officers and all others involved with plaintiff;
>
> x)   unreasonably placing plaintiff in lock-up on suspicion of overdosing when his loss of consciousness was caused by the administration of an improper injection by defendants.

(*Id.* (quoting Dkt. No. 8, ¶ 24).)

Nowhere in any of these allegations, however, is a specific reference to Defendants Lanigan or Powell.  There is no mention whatsoever of any actions *they* took, *their* actual knowledge or acquiescence in subordinate conduct, or *their* creation or maintenance of a policy, custom, or practice that violated Plaintiff's constitutional rights.  Simply put, Plaintiff's motion for reconsideration ignores the actual legal basis for the Court's granting of Defendants' motion to dismiss—Plaintiff's failure to plead personal involvement.

In its prior ruling, the Court explained the necessity of pleading personal involvement in § 1983 cases:

> "In order for liability to attach under § 1983, a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard*, 532 F. App'x 78, 81 (3d Cir. 2013) (per curiam) (citing *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).  "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

(Dkt. No. 31, p. 6.)

4

The Court went on to explain that supervisors must have been personally involved in the conduct that caused Plaintiff's alleged harm in order to be held liable under the supervisory liability doctrine:

> In raising a § 1983 claim against a supervisor, a supervisor can be liable "if they established and maintained a policy, practice, or custom which directly caused [the] constitutional harm," or "if they participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates violations." *Santiago*, 629 F.3d at 129 n.5 (internal quotation marks and citation omitted). "Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to 'demonstrate a 'plausible nexus' or 'affirmative link' between the [directions] and the specific deprivation of constitutional rights at issue.'" *Id.* (quoting *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000)).

(Dkt. No. 31, pp. 6-7.)

Applying these pleading standards to Plaintiff's allegations, the Court explicitly noted Plaintiff's outright failure to provide any facts "describing *how Powell and Lanigan* violated his constitutional rights." (Dkt. No. 31, p. 7 (emphasis added).) The Court noted that, for example, Plaintiff could have alleged that "these defendants directed the deprivation of his constitutional rights or that they created policies which left subordinates with no discretion other than to apply them in a fashion which actually produced the alleged deprivation." (*Id.*) Yet, Plaintiff did not. Instead, the Amended Complaint makes only the conclusory statement that Lanigan "had specific knowledge of the within conduct and policy and practice and took no steps to prevent said actions." (*Id.* (quoting Dkt. No. 8 at p. 8.)). As the Court previously explained, "merely stating that failure to provide training or appropriate training to those persons charged with day-to-day care is conclusory statement." (*Id.* (citing *Cherry v. Whitehead*, No. 09-4161, 2012 WL 253138, at *7 (D.N.J. Jan. 25, 2012)). Finally, the Court further reasoned that, even under a state created danger theory, a plaintiff must still allege personal involvement. (*Id.* at p. 8 (citing *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 431 n.7 (3d Cir. 2006)). In short, the Court's prior

ruling made abundantly clear that "allegations of personal involvement on the part of Powell and Lanigan with respect to being deliberately indifferent to his serious medical needs is lacking in the amended complaint." (*Id.*)

The Third Circuit recently reaffirmed the principle that, under *Iqbal*, "state officials are liable only for their *own* unconstitutional actions." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 319 (3d Cir. 2014) *cert. granted, judgment rev'd sub nom. on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042, 192 L. Ed. 2d 78 (2015) (emphasis added).  And, the Third Circuit recently affirmed dismissal of a complaint that was "largely conclusory [in that it] did not allege any specific conduct by any specific [defendant] …." *Serrano-Gomez v. Houtzdale Correction Facility*, No. 15-2448, 2016 WL 258519, at *1 (3d Cir. Jan. 21, 2016).  In this motion for reconsideration, Plaintiff has not pointed to any allegations in the Amended Complaint that call into question the Court's prior ruling that he failed to sufficiently allege any specific unconstitutional actions or inactions on the part of Defendants Lanigan and Powell.  Therefore, his motion must be denied.

## V.      CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied.  An appropriate Order will be entered.


DATED:   February 1, 2016

                                                    s/Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge