UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY FOX, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> BAYSIDE STATE PRISON, et al., : <br> : <br> Defendants. : <br> : | Civ. No. 14-5344 (RBK) <br><br> **OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

## I.  INTRODUCTION

In this civil rights action filed pursuant to 42 U.S.C. § 1983, the Court previously denied a motion for dismiss filed by Defendant Rutgers University (hereinafter referred to as "Rutgers"), in which Rutgers argued that Plaintiff's medical negligence claim against it must be dismissed for failure to file an affidavit of merit.  This Court explained, in denying the motion, that it should have been filed as a motion for summary judgment instead.  Presently before the Court is Rutgers' motion for partial summary judgment filed pursuant to Federal Rule of Civil Procedure 56.  The Court rules on this motion pursuant to Federal Rule of Civil Procedure 78; no oral argument was held.  For the following reasons, Plaintiff's motion for partial summary judgment is denied.

## II.  SUMMARY JUDGMENT LEGAL STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a

verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Id.* at 248. Because fact and credibility determinations are for the jury, the nonmoving party's evidence is to be believed and ambiguities construed in her favor. *Id*. at 255. In other words, the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Montone v. City of Jersey City*, 709 F.3d 181, 189 (3d Cir. 2013).

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. Furthermore, the nonmoving may not simply allege facts, but instead must "identify those facts of record which would contradict the facts identified by the movant." *Port Auth. of New York and New Jersey v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002). The movant is entitled to summary judgment where the nonmoving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. BACKGROUND

This case revolves around Plaintiff's allegation that he suffered injuries to his nose after receiving medical treatment while incarcerated at Bayside State Prison on August 27, 2012. More specifically, Plaintiff alleges in his amended complaint that he was given an injection by a medical staff employee employed by Rutgers to provide medical services at the prison. After Plaintiff was administered the shot, the amended complaint alleges, he collapsed onto to the

floor, injuring his nose. The amended complaint further alleges that Plaintiff did not receive proper medical care for his nose injury, and that he sustained permanent injuries.

Plaintiff named several defendants in the amended complaint, including Rutgers. The amended complaint does not name the employee who gave Plaintiff the shot, although it names John Does Nos. 1-25 who are "agents, servants and/or employees of . . . Rutgers …." (Dkt. No. 8, ¶ 10.) Through the amended complaint, Plaintiff brings a medical negligence action against Rutgers and its employees, among other claims.

Discovery ensued following Plaintiff's filing of the amended complaint. (*See* Dkt. No. 11, Scheduling Order). Thereafter, Rutgers' moved to dismiss the medical negligence claim against it, arguing that Plaintiff failed to obtain a proper affidavit of merit. This Court denied Rutgers' motion in August of 2015, noting that the Third Circuit has instructed that an affidavit of merit challenge should be filed as a summary judgment motion, rather than as a motion to dismiss. (Dkt No. 31, pp. 10.) The day after this Court's ruling was issued, Rutgers' filed the instant motion for partial summary judgment challenging the affidavit of merit a second time.[1]

### IV.   DISCUSSION

A. Procedural Issues

In terms of format, Rutgers' motion for partial summary judgment is deficient. First of all, the motion does not include an undisputed statement of material facts, as required by Local Rule 56.1(a), which provides:

> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to

---

[1] The Court further noted in its August 2015 ruling that Rutgers argued in its moving papers that Plaintiff had failed to file an affidavit. Rutgers acknowledged in its reply, however, that it was mistaken—Plaintiff had filed the affidavit. Rutgers then raised, as a new argument in its reply, that the affidavit was substantively inadequate. Rutgers repeats that argument in the instant motion.

> the affidavits and other documents submitted in support of the motion. *A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed. . . . Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law.*

L.Civ.R. 56.1(a) (emphasis added).

As aptly explained by another court in this District, the failure to file an undisputed statement of material fact is not to be taken lightly:

> A movant's statement of facts and a nonmovant's related response serve a vital purpose, in that they assist the Court in identifying whether material facts are truly in dispute. *See Am. Plaza, LLC v. Marbo Cross Shop, LLC*, No. 08–5963, 2010 WL 455349, at *2 (D.N.J. Feb.3, 2010). Local Civil Rule 56.1(a) thus puts the onus on the parties, rather than the Court, to find evidence of record supporting their respective arguments. *See Baker v. Hartford Life Ins. Co.*, No. 08–6382, 2010 WL 2179150, at *2 n.1 (D.N.J. May 28, 2010) ("It is not the Court's responsibility to comb the record on behalf of Plaintiff's counsel."), *aff'd*, 440 Fed.Appx. 66 (3d Cir. 2011); *N.J. Auto. Ins. Plan v. Sciarra*, 103 F.Supp.2d 388, 408 (D.N.J. 1998) ("[I]t is the responsibility of each party to support its own contentions with a proper basis in the record of the case."). "Given the vital purpose that such rules serve, litigants ignore them at their peril." *McCann [v. Unum Provident,]* 921 F.Supp.2d 353, 358 (D.N.J. 2013) (*quoting Cabán Hernández v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007)).

*Collick v. Weeks Marine, Inc.*, No. 08–5120 (MLC), 2013 WL 6070035, at *2 (D.N.J. Nov. 18, 2013).

Accordingly, this Court could dismiss Rutgers' motion solely for its failure to include a statement of undisputed material facts along with its moving brief. *See Serfess v. Equifax Credit Information Services, LLC*, No. 13-0406, 2015 WL 5123735, at *2 (D.N.J. Sept. 1, 2015) (denying motion for failure to include a statement of undisputed material facts)cit. Nevertheless, the Third Circuit has sanctioned the practice of excusing a party's strict compliance with the local rule where a court is willing to draw out the facts from the party's briefing and evidentiary

4

submissions instead. *See Boswell v. Eoon*, 452 F. App'x. 107, 111-12 (3d Cir. 2011) (affirming relaxation of rule where nonmoving party failed to file responsive statement). Here, although Rutgers did not comply strictly with the rule, it does include numbered paragraphs in its brief (titled "Procedural and Factual Background") with a handful of citations to the record. Therefore, in the interest of judicial economy and upon no finding of bad faith, the Court will relax Local Rule 56.1 and will not require Rutgers to file a third brief addressing the affidavit of merit requirement. *Accord Stewart v. Greyhound Lines, Inc.*, No. 09–2977 (RBK), 2012 WL 16458, at *1 n.1 (D.N.J. Jan. 4, 2012) (declining to strictly enforce rule); *Shirden v. Cordero*, 509 F. Supp. 2d 461, 463 n.1 (D.N.J. 2007) (relaxing Local Rule 56.1 where there was no bad faith and the parties included a statement of facts in their briefs). In ruling on the motion, the Court will consider facts referenced in the moving and opposition briefs[2], along with Plaintiff's answers to interrogatories and the affidavit of merit that are both attached as exhibits to Rutgers' moving brief. (Dkt No. 33, Exh. D-E.)

    One additional procedural irregularity must be addressed. Rutgers's counsel filed a Certification in Support of Defendant's Motion for Partial Judgment in which she references an "Exhibit F." (Dkt. No. 33, ¶ 8.) But there is no Exhibit F attached to the moving brief, and it is not mentioned in the Procedural and Factual Background section of the brief. According to the certification, this exhibit was "a true and accurate copy of plaintiff 's medical record from August 27, 2012." (*Id.*) While not attached to the certification or brief as it should have been, the Court recognizes that Rutgers did attach this same portion of Plaintiff's medical record to its reply brief on its initial motion to dismiss. (*See* Dkt. No. 25, pp. 5-9.) Since Plaintiff has previously been served with this exhibit, in ruling on the instant motion, the Court will also

---

[2] Rutgers did not file a reply brief to its motion.

consider these medical records.[3]  The Court urges both parties to pay more careful attention to briefing requirements going forward.

    B.  <u>Affidavit of Merit</u>

New Jersey's Affidavit of Merit (AOM) Statute was enacted as "part of a tort reform package designed to strike a fair balance between preserving a person's right to sue and controlling nuisance suits." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 290 (3d Cir. 2012) (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 579 (3d Cir. 2003)) (internal quotation marks omitted).[4]  The statute directs plaintiffs in medical malpractice (negligence) suits to provide each named defendant with "an affidavit of an appropriate licensed person [stating] that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." N.J. STAT. ANN. § 2A:53A–27.  "The penalty for not following the AOM Statute is severe. Absent a showing of one of four limited exceptions, the failure to file the affidavit 'shall be deemed a failure to state a cause of action,'" *id.* at § 2A:53A–29, and the plaintiff's medical negligence claim will be dismissed.

---

[3]  Finally, the Court notes that Plaintiff also references exhibits that are not attached to his brief. In his opposition papers, Plaintiff states that a copy of the affidavit of merit is attached as "Exhibit A," and that a copy of the affiant's curriculum vitae is attached as "Exhibit B." (Dkt. No. 35, p. 1.) However, the Court need not consider these missing exhibits as the affidavit is already in the record, and the curriculum vitae does not alter the Court's decision for reasons explained herein.

[4]  In assessing the parties' arguments regarding New Jersey's AOM statute, this Court must apply state law. *See Nuveen*, 692 F.3d at 302-04.  To do this, the Court looks first to the state supreme court for guidance and, where the state supreme court has not ruled on an issue, the Court looks to intermediate appellate state court decisions. *See Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 254 (3d Cir. 2010).

Here, Plaintiff's affidavit of merit was executed by Jolene D. Boiano, RN, a registered nurse. Rutgers contends that this affidavit of merit does not satisfy New Jersey's statute in two regards. First, Rutgers argues that Boiano is not qualified to attest as to whether Rutgers, as an entity, is liable for medical negligence. (*See* Dkt. No. 33, p. 10.) Second, Rutgers argues that Boiano is not qualified to attest as to whether the Rutgers' employee who administered the injection to Plaintiff committed malpractice because that employee is an "advanced practice nurse," which is a specialized type of nurse that has obtained training beyond that required for mere registered nurses under New Jersey law. (*Id.*, pp. 10-16.) The bulk of its briefing focuses on this second argument; however, the Court will address the "entity" argument first, as it is easily resolved.[5]

   1. Rutgers

An entity that provides medical care may be entitled to the protection of the AOM statute if it is a "licensed health care facility," or if it is comprised of licensed professionals. *See Albrecht v. Corr. Med. Svcs.*, 27 A.3d 1260, 1263-64 (N.J. Super. Ct. App. Div. 2011); *see also* N.J. STAT. ANN. § 2A:53A-26 (defining "health care facility" as a "licensed person" under the AOM statute). Rutgers has not pointed to any record evidence suggesting that it is either a licensed health care facility, or that it is comprised of licensed professionals. Therefore, it has failed to carry its burden on summary judgment of showing that it is entitled to AOM protection. *Compare Albrecht*, 27 A.3d at 1265 (reversing grant of summary judgment on claim against Correctional Medical Services (CMS) where, although CMS claimed "that it [was] 'an entity

---

[5] Rutgers further states in its moving brief that "the Affidavit does not indicate what conduct, if any, fell outside the standard of care. It does not advise which medical treatment providers provided the alleged substandard care, or the nature of same." (Dkt. No. 33, pp. 7, 10.) Because Rutgers does not develop this argument any further in its brief, the Court does not treat it as a separately advanced argument.

comprised of licensed professionals,' it did not provide any evidential support for that claim.") with *Richards v. Wong*, No. 14-3353 (PGS), 2015 WL 4742344, at *4 (D.N.J. Aug. 10, 2015) (holding that CFG Health Systems, LLC was entitled to AOM protection based upon a showing that the LLC's sole shareholder was a licensed medical professional).

Moreover, the New Jersey Appellate Court's decision in *Albrecht* states that an AOM is required for claims against entities of licensed professionals when the plaintiff "pursue[s] litigation against *the [entity] alone* under respondeat-superior principles." 27 A.3d at 1265. Here, as explained in more detail below, Plaintiff appears to be seeking relief from the person who administered the injection, as a John Doe. Therefore, summary judgment is denied on the ground that Rutgers is not entitled to AOM protection.

### 2. Advanced Practice Nurse

The Court now turns to Rutgers' arguments regarding the provision of an AOM to the individual licensed professional who administered the injection to Plaintiff.

#### a. Identity of Employee

Rutgers contends that the individual who administered the injection is an advanced practice nurse. In support of this contention, Rutgers points to Plaintiff's medical record. The medical record states that, on August 27, 2012, Plaintiff was seen by "Rosemary McMenamin, APN-C" on a sick call for "chest heaviness." (Dkt. No. 25, p.7.) At the office visit, the medical records indicate, Plaintiff was "[g]iven vistaril 50 mg [and] appox 5-8 minutes post injection, [he] fell out of chair, strikking [sic] face on trash can." (*Id.*)

This entry in Plaintiff's medical record is electronically signed by "Rosemary McMenamin, APN-C on 8/27/2012 at 12:00 PM," and also electronically signed by "William Briglia, DO on 8/28/2012 at 12:46 PM." (*Id.*) Plaintiff does not dispute that the shot was

administered by McMenamin, although his interrogatory answers refer to the person who administered the shot to him as a "doctor." (*See* Dkt. No. 33, p. 49 ("B.S.S.P. gave me an injection, I passed out from it. I got charged for the *doctors* negligence. She was not competent to stick me.") (emphasis added)); (*id.* at p. 51 ("The doctor gave me a shot.")).

Based on this record evidence, and Plaintiff's decision not to dispute this fact in his opposition papers to the instant motion, the Court accepts for the purposes of this motion Rutgers' contention that the Rutgers' employee who administered the shot to Plaintiff was McMenamin, and that she was an "APN-C." Noticeably, Rutgers does not connect the acronym "APN-C" to advanced practice nurse anywhere in its papers. This Court's research reveals, however, that "APN-C" appears to indicate that McMenamin is an advanced practice nurse; a New Jersey state court decision has referred to an advanced practice nurse, with anesthesiology privileges, as an "APN/A." *See New Jersey Ass'n of Nurse Anesthetists, Inc. v. New Jersey Dept. of Hlth and Sr. Svcs.*, 2012 WL 6163180, at *1 (N.J. Super. Ct. App. Div. Dec. 12, 2012).

Although the record suggests that McMenamin administered the injection, recall that McMenamin is not a named party in this suit. She arguably could fall within the description of the John Does named in the amended complaint, but Plaintiff has not substituted her for one of the John Does. Nonetheless, the amended complaint could be construed as seeking *respondeat superior* liability against Rutgers for the nurse's actions. Therefore, the Court presumes for purposes of this motion that Rutgers is challenging the AOM as it applies to McMenamin for this reason.

b. *Advanced Practice Nurses and the AOM*

Under New Jersey's Advanced Practice Nurse Certification Act, N.J. STAT. ANN. § 45:11-45 *et seq.*, advanced practice nurses (APNs) may perform "a wider range of functions . . .

9

than those . . . performed by registered nurses." Indeed, to obtain an APN certification, one must first obtain a registered nurse certification. *See* N.J. STAT. ANN. § 45:11-47 (specifying criteria for certification). After a registered nurse has completed additional coursework and testing, he or she may apply for an APN certification. *Id.*

As a threshold matter, Plaintiff questions in his opposition papers whether an AOM is required at all for claims against advanced practice nurses. In Plaintiff's view, APNs are not covered by the statute because they are not specifically mentioned in the statute's definition of "licensed persons." Plaintiff further cites to the New Jersey Appellate Court's decision in *Saunders v. Capital Health System at Mercer*, 942 A.2d 142 (N.J. Super. Ct. App. Div. 2008) *abrogated on other grounds by Paragon Contractors, Inc. v. Peachtree Condo. Ass'n,* 968 A.2d 752, 753 (N.J. 2009), in support of his view. To analyze this argument, the Court first considers the plain language of the AOM statute. *See Cashin v. Bello*, 123 A.3d 1042, 1046 (N.J. 2015) (explaining that the court's role is to enforce legislative intent, which is most often revealed by the plain language of the statute).

While Plaintiff is correct that the AOM statute does not expressly reference advanced practice nurses, the plain language of the statute suggests that it does apply to these types of nurses. N.J. STAT. ANN. § 2A:53A-26 defines "licensed person" with a list of professional positions, including accountant, attorney, and dentist, among others. *Id.* at subsection a, c, d. Regarding nurses, subsection i of N.J. STAT. ANN. § 2A:53A-26 incorporates "a registered professional nurse pursuant to P.L.1947, c. 262 (C.45:11-23 et seq.)" into that list. Public Law 1947, c. 26, which is codified at N.J. STAT. ANN. § 45:11-23, defines nursing generally, and the "advanced practice nurse." N.J. STAT. ANN. § 45:11-23, subsection b, d. Therefore, the plain language of the AOM statute suggests that advance practice nurses are encompassed within the

AOM statute's reference to the "registered professional nurse." That an advanced practice nurse must first obtain a registered nurse certification, as discussed above, buttresses this reading of the statute.

As for Plaintiff's reliance on the New Jersey Appellate Court's decision in *Saunders*, *supra*, the Court finds that case distinguishable. *Saunders* held that the AOM statute did not apply to midwives because they were not explicitly referenced in the statute. *See* 398 N.J. Super. at 145. Critical here, the *Saunders* Court reasoned that: "Nurses and midwives are licensed pursuant to different statutes. Licensing requirements for registered professional nurses are set forth in N.J.S.A. 45:11–23 to –67 [while] [m]idwife licensing requirements are specified in N.J.S.A. 45:10–1 to –22." *Id.* Moreover, the appellate court reasoned, midwives could be registered nurses but were not required to be; a midwife could obtain a "certified professional midwife" certification without first becoming a registered nurse. *Id.*

Unlike with midwives, the licensing requirements for advanced practice nurses are part of the same licensing scheme applicable to registered nurses. As *Saunders* acknowledges, the licensing requirements for nurses are set forth in N.J. STAT. ANN. § 45:11–23 to –67, and APN licensing is found within that range, at N.J. STAT. ANN. § 45:11–45 *et seq.* In addition, as noted above, an advanced practice nurse is *required* to obtain a registered nurse certification—there is no alternate route for certification as there is with midwives. Accordingly, this Court rejects Plaintiff's reliance on *Saunders* and will assume, for purposes of this motion, that the AOM statute applies to advanced practice nurses. *Accord Mebuin v. United States*, No. 13-466 (JLL), 2015 WL 5837654 (D.N.J. Oct. 11, 2015) (applying AOM statute to an advanced practice nurse without analysis).

    c. *Sufficiency of the AOM*

11

The Court now returns to Rutgers' challenge to the sufficiency of the AOM executed by Registered Nurse Boiano.  Rutgers' primary argument is that advanced practice nursing constitutes a different subspecialty from registered nursing and, because the AOM statute requires that the affiant "possess the same credentials" as the defendant, Plaintiff's AOM is inadequate.  In support of this argument, Rutgers draws from N.J. STAT. ANN. § 2A:53A-27, which provides:  "In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in section 7 of P.L. 2004, c. 17 (C. 2A:53A–41)."  Section 7 of Public Law 2004, c. 17, refers to N.J. STAT. ANN. § 2A:53A–41, a provision within the New Jersey Medical Care Access and Responsibility and Patients First Act.  *See Buck v. Henry*, 25 A.3d 240, 246-47 (N.J. 2011).

The New Jersey Supreme Court has explained that "[t]he basic principle behind N.J.S.A. 2A:53A–41 is that 'the challenging expert' who executes an affidavit of merit in a medical malpractice case, generally, should 'be equivalently-qualified to the defendant' physician." *Id.* (quoting *Ryan v. Renny*, 999 A.2d 427, 436 (2010)).  This "kind-for-kind" rule applies to three categories of medical negligence defendants:

> (1) those who are specialists in a field recognized by the American Board of Medical Specialties (ABMS) but who are not board certified in that specialty; (2) those who are specialists in a field recognized by the ABMS and who are board certified in that specialty; and (3) those who are "general practitioners." *See* N.J.S.A. 2A:53A–41(a), (b).

*Id.* at 247.  Notably absent from this list are specialist nurses; the statute applies only to specialists who practice in a field recognized by the ABMS, "whose specialties and

12

subspecialties are limited to *physians and osteopaths*."[6] *Harbeson v. Underwood-Memorial Hosp.*, 2009 WL 1766598, at *9 (N.J. Ct. App. Div. June 24, 2009) (emphasis added).[7] Accordingly, even assuming that McMenamin is an APN and that the AOM statute applies to APNs, Rutgers has not demonstrated that Plaintiff's AOM is insufficient and that it is entitled to judgment as a matter of law. Its motion for partial summary judgment on this basis is denied.

## V.   CONCLUSION

For the foregoing reasons, Rutgers' motion for partial summary judgment is denied. An appropriate Order will be entered.

DATED: February 10, 2016

                                             s/Robert B. Kugler
                                             ROBERT B. KUGLER
                                             United States District Judge

---

[6] For this reason, the Court need not consider Nurse Boiano's curriculum vitae in order to determine if she is equivalently-qualified to an advanced practice nurse.

[7] Rutgers has not argued that McMenamin should be treated as a general practitioner under N.J. STAT. ANN. § 2A:53A-41(b). *See Harbeson*, 2009 WL 1766598 at *9 (concluding that nurse anesthetist should be treated as a general practitioner under N.J. STAT. ANN. § 2A:53A-41). The Court makes no ruling on whether APNs fall within the statute's definition of general practitioner.